No. 06-35333

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

SARAH GREENE, et al.,
*Plaintiffs-Appellants*,

v.

BOB CAMRETA, et al.,
*Defendants-Appellees*,

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
U.S. District Court No. CV-05-06047-AA

**NOTICE OF JOINDER OF EDUCATION LEGAL ALLIANCE OF CALIFORNIA SCHOOL BOARDS ASSOCIATION IN MOTION AND PROPOSED AMICUS BRIEF OF CALIFORNIA STATE ASSOCIATION OF COUNTIES IN SUPPORT OF DEFENDANTS/APPELLEES PETITION FOR REHEARING AND REHEARING EN BANC**

Deborah B. Caplan [SBN 196606]
OLSON, HAGEL & FISHBURN, LLP
555 Capitol Mall, Suite 1425
Sacramento, CA  95814
Telephone:  916.442.2952
Facsimile:  916.442.1280

*Attorney for Joining Amicus Curiae*
Education Legal Alliance, California School Boards Association

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

The Education Legal Alliance (the "Alliance") of the California School Boards Association ("CSBA") hereby joins in (1) Motion For Leave to File Amicus Curiae Brief of the California State Association of Counties ("CSAC"), and (2) Amicus Curiae Brief of CSAC in Support of Defendants/Appellees Petition for Rehearing and Rehearing En Banc. CSBA's Alliance takes note of the Circuit Advisory Committee Note to Federal Rules of Appellate Procedure, Rule 29-1, which encourages amici to join arguments of other amici in lieu of filing a separate brief.

CSBA is a California non-profit corporation. CSBA is a member-driven association composed of nearly 1,000 K-12 school district governing boards and county boards of education throughout California. CSBA supports local school board governance and advocates on behalf of school districts and county offices of education. As part of CSBA, the Alliance helps to ensure that local school boards retain the authority to fully exercise the responsibilities vested in them by law to make appropriate policy and fiscal decisions for their local educational agencies. The Alliance represents its members, over 750 of the state's 1,000 school districts and county offices of education, by addressing legal issues of statewide concern to school districts. The Alliance's

activities include joining in litigation where the interests of public education are at stake.

CSBA concurs with Amicus Curiae CSAC that rehearing is necessary in order to clarify the important issue regarding the ability of law enforcement and child welfare workers to investigate allegations of child abuse and neglect. The protection of children from child abuse and neglect is clearly a compelling state interest and the panel's decision may be read to require burdensome procedures and limitations on school interviews of possible child abuse victims by law enforcement or child welfare workers who are working to protect such victims.

As noted by Amicus Curiae CSAC, the panel's decision that traditional Fourth Amendment requirements apply to interviews on school grounds conflicts with decisions in other circuits. In addition, by requiring a warrant or court order, the panel's decision could overburden the courts and result in critical delays in the investigative process. It is imperative that interviews of possible child abuse victims proceed without unnecessary delay in order to protect vulnerable children from the possibility of further abuse or neglect. The protection of children must be of paramount importance.

The Alliance's school district members have a unique and

compelling interest in ensuring that children are protected from abuse and neglect. Courts have long recognized that school districts stand in loco parentis over the children entrusted to their care. *Vernonia Sch. Dist. 47J v. Acton*, 515 U.S. 646, 115 S. Ct. 2386, 132 L. Ed. 2d 564 (1995); *Morse v. Frederick*, 551 U.S. 393 127 S. Ct. 2618, 168 L. Ed. 2d 290 (2007).

Although the school district where the interview occurred was dismissed as a party in the instant case, the interest of school districts is similar to that of law enforcement and child welfare workers. All parties desire to ensure that children are protected and that child welfare workers and law enforcement personnel are able to efficiently and effectively carry out their responsibility to investigate possible incidents of child abuse or neglect.

The panel's decision could also place school district personnel in the untenable position of choosing whether to allow child welfare workers to interview a child on school grounds or to prohibit the interview, thus delaying the investigation and increasing the risk to the child. Certainly, school district personnel are in no position to evaluate whether an interview by law enforcement or child welfare workers satisfies the Fourth Amendment or to determine whether the interview is an unconstitutional seizure. The panel's decision could have a chilling

effect of discouraging school district officials from cooperating with child welfare workers and law enforcement, a situation which would clearly not be in the best interest of the child.

For the above reasons, the Alliance respectfully requests that this Court grant Defendants/Appellees Petition for Rehearing and Rehearing En Banc.


Dated:  February 16, 2010      Respectfully submitted,

    /s/                                                      .
DEBORAH B. CAPLAN
Attorney for Education Legal Alliance,
California School Boards Association

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure, rule 32(a)(7)(C) and Ninth Circuit Rule 32-1, I certify that the attached document is double-spaced, typed in Times New Roman proportionally spaced 14-point typeface, and the document contains 673 words of text as counted by the Microsoft Word 2003 word processing program used to generate the document.

Dated:  February 16, 2010

       /s/                                   .
DEBORAH B. CAPLAN

UNITED STATTES COURT OF APPEALS
FOR THE NINTH CIRCUIT

CERTIFICATE OF SERVICE BY MAIL

*GREENE v. CAMRETA*
Case No. 06-35333/ U.S.D.C. Case No. CV-05-06047-AA

I hereby certify that on February 16, 2010, I electronically filed the foregoing **NOTICE OF JOINDER OF EDUCATION LEGAL ALLIANCE OF CALIFORNIA SCHOOL BOARDS ASSOCIATION IN MOTION AND PROPOSED AMICUS BRIEF OF CALIFORNIA STATE ASSOCIATION OF COUNTIES IN SUPPORT OF DEFENDANTS/APPELLEES PETITION FOR REHEARING AND REHEARING EN BANC** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participant(s):

| Mark H. Wagner<br>Hoffman, Hart & Wagner, LLP<br>1000 SW Broadway, Suite 2000<br>Portland, OR  97205 | Mark P. Amberg<br>Deschutes County Legal Counsel<br>1300 NW Wall Street, Suite 200<br>Bend, OR  97701 |
|---|---|
| Richard D. Wasserman<br>Office of the Attorney General<br>400 Justice Building<br>1162 Court, NE<br>Salem, OR  97301-4096 | Jennifer B. Henning<br>CA State Association of Counties<br>1100 K Street, Suite 101<br>Sacramento, CA  95814 |

Dated:  February 16, 2010

    /s/                                      .
DEBORAH B. CAPLAN