Steven Griffin, OSB #94325
E-mail address: StevenG@deschutes.org
Deschutes County Legal Counsel
1300 NW Wall Street, Suite 200
Bend, OR 97701
Telephone: (541) 330-4645
Facsimile: (541) 617-4748

Attorneys for Defendant-Appellee James Alford

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| SARAH GREENE, personally and as next friend for S.G., a minor, and K.G., a minor,<br><br>        Plaintiff - Appellant,<br><br>v.<br><br>BOB CAMRETA; DESCHUTES COUNTY; JAMES ALFORD, Deschutes County Sheriff; BEND LAPINE SCHOOL DISTRICT; TERRY FRIESEN,<br><br>        Defendants - Appellees. | U.S.C.A. No. 06-35333<br><br><br>APPELLEE JAMES ALFORD'S OPPOSITION TO APPELLANT'S MOTION FOR ATTORNEY'S FEES |

## INTRODUCTION

Appellant has moved this court for an award of attorney's fees on appeal.

Appellant contends that she is entitled to an award of attorney's fees on the

"first issue" and the "third issue" decided by this court on appeal. Appellee James Alford hereby objects to the appellant's request for attorney's fees.

## PROCEDURAL BACKGROUND

In an opinion dated December 10, 2009 this court decided the following issues:

1. The district court granted summary judgment in favor of defendants James Alford and Bob Camreta on the appellant's Fourth Amendment claim. This court affirmed the district court's judgment. It held that although Alford and Camreta had violated the appellants' Fourth Amendment rights Alford and Camreta were entitled to qualified immunity as a matter of law. 588 F3d 1011, 1033.

2. The district court granted summary judgment in favor of appellee Camreta on the appellant's claim that appellants' "constitutional rights were violated because SG and KG were removed from Sarah's custody pursuant to a Juvenile Court order triggered by an intentional misrepresentation by Camreta. 588 F3d at 1033. This court held that genuine factual disputes precluded summary judgment on this claim and reversed the district court's grant of summary judgment in favor of

Camreta and remanded this claim to the district court for further proceedings. *Id.* at 1034.

3.  The district court granted summary judgment in favor of appellee Camreta on the appellant's due process claim related to Sarah Greene's exclusion from SG's medical examination at the KIDS Center. This court reversed the grant of summary judgment and remanded the claim to the district court for further proceedings. *Id.* at 1037.

Alford and Camreta timely petitioned for reconsideration. This court denied the petition in an order dated March 1, 2010. Greene moved for attorney's fees on March 15, 2010.

ARGUMENT

42 USC 1988(b) provides that a court may award a "prevailing party" in a civil rights action a "reasonable attorney fee as part of the costs." The term *prevailing party* is a term of art which is used in a variety of federal fee shifting statutes and must be interpreted consistently throughout the United States Code. *Buckhannon Bd. v. W. Va. Dep't of Health and Human Res.*, 532 US 598, 603 (2001). It means "a party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Citizens for Better Forestry v. U.S. Forest Serv.*, 567 F3d 1128, 1131 (9th Cir 2009).

Page 3 of 6 – APPELLEE JAMES ALFORD'S OPPOSITION TO APPELLANT'S MOTION FOR ATTORNEY'S FEES

This court has stated, "[A] favorable determination on a legal issue, even if it might have put the handwriting on the wall, is not enough by itself [to entitle a plaintiff to 'prevailing party' status.]" *Better Forestry*, 567 F3d at 1133-34. To be a prevailing party, the plaintiff must have actually obtained some relief.

The United States Supreme Court in *Hewitt v. Helms*, 482 US 755 (1987) held that a plaintiff was not a "prevailing party" when he "obtained no relief" only "a favorable judicial statement of the law in the course of the litigation" *Id.* at 760. In *Hewitt*, as here, the plaintiff obtained an appellate court ruling that public officials had violated his constitutional rights. *Id*. The defendants in *Hewitt*, again as here, successfully defended on the basis of qualified immunity. *Id.* at 758. The Supreme Court held that the appellate court's opinion did not constitute "a form of judicial relief" and did not entitle the plaintiff to an attorney fee award under 42 USC 1988.

This court has summarized the holding in *Hewitt* as follows: "Though the plaintiff had obtained a favorable determination on the issue of whether there had been a constitutional violation, he ultimately received no relief from the district court and therefore was not entitled to attorneys' fees." *Better Forestry*, 567 F3d at 1132 (9th Cir 2009) *citing Hewitt*, 482 US at 760. As in *Hewitt* this

Page 4 of 6 – APPELLEE JAMES ALFORD'S OPPOSITION TO APPELLANT'S
MOTION FOR ATTORNEY'S FEES

court's ruling on the Fourth Amendment claim gave plaintiff only the "moral satisfaction" of an appellate court opinion that her rights have been violated. Because appellant has not obtained any relief on her first claim, she is not entitled to an attorney fee award against Appellee Alford.

Appellant also seeks an award of attorney's fees as to the "third issue" decided by this court on appeal. The "third issue" decided by this court related to appellant's claim that appellee Camreta violated appellants' Fourteenth Amendment rights by excluding Sarah Greene from her daughter's physical examination at the KIDS Center. Appellee James Alford was not a party to that claim. Even if appellant can be said to have "prevailed" on this "third issue", an award of attorney's fees against Appellee Alford would not be proper.

## CONCLUSION

Appellee James Alford respectfully requests that appellant's request for attorney's fees be denied.

DATED this 26th day of March, 2010.

                    Respectfully submitted,

                    /s/ Steven Griffin
                    STEVEN GRIFFIN, OSB #943258
                    Of Attorneys for Defendant-Appellee
                    James Alford

# CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2010, I directed the APPELLEE JAMES ALFORD'S OPPOSITION TO APPELLANT'S MOTION FOR ATTORNEY'S FEES to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Mark H. Wagner
Hoffman, Hart & Wagner, LLP
1000 S.W. Broadway, Suite 2000
Portland, OR 97205

Mikel R. Miller
26 N.W. Hawthorne
Bend, OR 97701

/s/ Steven Griffin
STEVEN GRIFFIN, OSB #943258
Of Attorneys for Defendant-Appellee
James Alford